

# Peckar & Abramson
A Professional Corporation • Attorneys & Counselors at Law

70 Grand Avenue
River Edge, NJ 07661
tel. 201.343.3434
fax 201.343.6306

New York
San Francisco
Los Angeles
Orange County
Miami
Washington, D.C.
Chicago
London

www.pecklaw.com

*Kevin J. O'Connor*
*Partner*

**VIA ECF**

April 17, 2012

Honorable Allyne R. Ross, U.S.D.J.
Honorable Joan M. Azrack, U.S.M.J.
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

RE:   Melamed v. Americare Certified Special Services, Inc., et. al.
      Docket No. 1:11-cv-04699-ARR-JMA
      Our File No. 3710-223170

Dear Judges Ross and Azrack:

This office represents Defendants Americare Certified Special Services, Inc. and Americare, Inc. ("Defendants") in the above-captioned matter commenced by Plaintiffs, Raisa Melamed and Galyna Malyaruk ("Plaintiffs"). This letter is to respectfully request that the Court hold a pre-motion conference to address Defendants' request for leave to file a motion to dismiss the Amended pursuant to 28 U.S.C. § 1332(d)(4)(B).

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiffs commenced this action on or about September 27, 2011, seeking damages exclusively under New York Labor Law ("NYLL"). They seek recovery in their own right and purportedly on behalf of a class of similarly situated home health care aides ("HHAs"), pursuant to Federal Rule of Civil Procedure 23. The Plaintiffs' alleged jurisdictional basis is founded on the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d) et seq. ("CAFA.") The original complaint in this matter failed to name the Plaintiffs' employer, Americare, Inc. We consented to the amendment of the complaint to name the correct employer, and the Amended Complaint was filed on February 27, 2012.



a member of the
International Construction Law Alliance

**Peckar & Abramson**
A Professional Corporation • Attorneys & Counselors at Law

Honorable Allyne R. Ross, U.S.D.J.
Honorable Joan M. Azrack, U.S.M.J.
United States District Court
Page 2
April 17, 2012

On March 14, 2012, Judge Azrak issued an order limiting the discovery to whether the Plaintiffs can satisfy the $5 million threshold requirement required by CAFA. At the same time Judge Azrak gave the Defendants leave to file a motion to dismiss the Plaintiffs' Amended Complaint to the extent it seeks overtime compensation at the rate of 1.5 times actual hourly wages as opposed to 1.5 times the minimum wage. On March 29, 2012, Judge Ross approved a briefing schedule and the Defendants served their motion on March 30, 2012. This motion is returnable on May 11, 2012.

On April 16, 2012, the Defendants provided the Plaintiffs with financial discovery pursuant to Judge Azrak's March 14, 2012 order. We were hopeful that the limited discovery on the $5 million threshold would convince Plaintiffs that they have improperly laid venue in this Court and would result in a voluntary dismissal without prejudice and re-filing in the State court where the case belongs. Instead, Plaintiffs have been using this limited discovery as an opportunity to continuously attempt to expand the scope of the discovery order and to seek discovery on enlarging the potential class of plaintiffs.

In order to eliminate the further inconvenience to this Court by further motion practice over the $5 million threshold discovery, we respectfully seek leave to immediately file a motion to dismiss the Amended Complaint, without prejudice, pursuant to the clear language of 28 U.S.C. § 1332(d)(4)(B) which prohibited Plaintiffs from filing suit in federal court. This exception to the CAFA statute makes clear that the action was improperly filed in federal court on ground that significantly more than 2/3 of the home health aides ("HHAs") employed by Defendants during the relevant period are and were residents of the State of New York, and Defendants are New York companies operating exclusively in New York.

Under 28 U.S.C. § 1332(d)(4)(B) this a purely local controversy and this Court must decline jurisdiction. We have advised Plaintiffs of this fact and these issues were explored during depositions today of corporate designees produced by Defendants. Plaintiffs refuse to voluntarily dismiss the case.

The reason for Plaintiffs' attempt to shoehorn their case under CAFA is simple. The claims in this case are entirely state law claims. Under the CPLR, Plaintiffs are prohibited from seeking liquidated damages. Under FRCP 23, it is less clear that liquidated damages are prohibited. It's a matter of money. Yet, it is clear the case does not belong in Federal Court.

In conclusion, we respectfully request leave to immediately file a motion to dismiss the Amended Complaint pursuant to 28 U.S.C. 1332(d)(4)(B). This provision of CAFA is clear, and dismissal will

## Peckar & Abramson
A Professional Corporation • Attorneys & Counselors at Law

Honorable Allyne R. Ross, U.S.D.J.
Honorable Joan M. Azrack, U.S.M.J.
United States District Court
Page 3
April 17, 2012

circumvent the need for further discovery and the anticipated motion practice that will ensue if the motion is not made.

Respectfully submitted,

*Kevin J. O'Connor /DS*

KEVIN J. O'CONNOR, ESQ.
359571.1/04/17/12

cc: Jason Rozger, Esq. (via ECF and facsimile)
     Denis Serkin, Esq.