# BERANBAUM MENKEN LLP

80 PINE STREET, 33RD FLOOR

NEW YORK, NEW YORK 10005

TELEPHONE: (212) 509-1616

FACSIMILE: (212) 509-8088

WWW.NYEMPLOYEELAW.COM

JOHN A. BERANBAUM [Δ]
BRUCE E. MENKEN
JASON J. ROZGER [Δ]
JENNIFER L. SMITH
CHRISTINE CLARKE

[Δ] ALSO ADMITTED NJ

April 26, 2012

Hon. Allyne R. Ross
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
Via ECF Only

Re: <u>Melamed v. Americare Certified Special Services Inc.</u>, 11 CV 4699 (ARR)

Your Honor:

    As the Court may recall, this putative class action alleges, in sum, that the Defendant failed to pay minimum wages and overtime wages, required by New York state law, to those home attendants who worked 24 hours or more at a time. Deposition testimony and documentary evidence developed in the course of discovery so far shows that those home attendants are presently paid $135 per 24 hour shift, or $5.63 per hour, which is less than the minimum wage of $7.25 per hour. Defendants also failed to pay any overtime pay to those home attendants working more than 40 hours per week.

    I write in response to the pre-motion letter from counsel for Defendant dated April 17, 2012, wherein Defendants continue their months long fumbling for a reason to dismiss this case. On November 14, 2011, Defendants wrote the court, asserting that this matter did not meet the $5,000,000 threshold for jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). In response, the parties were directed to engage in discovery on that issue. *Docket Entry #7.* Defendants at last produced documents relevant to that issue on April 16, 2012. Although that production is incomplete, and will be the subject of additional proceedings before Magistrate Azrack, it shows that Defendants' home attendants worked on the order of 100,000 24 hour shifts

during the class period. If each 24 hour shift is underpaid by $39[1] (24 times $7.25, or $174, minus $135), the amount in controversy would be well over $5,000,000 once overtime damages are included (which cannot be discerned with the records Defendant has produced), and once liquidated damages under the New York Labor Law are included. It is indisputable that those liquidated damages would be available in this action. *Shady Grove Orthopedics Assoc., P.A. v. Allstate Ins. Co.*, 130 S.Ct. 1431 (2010); *Spicer v. Pier Sixty LLC*, 2011 WL 446144,*2, 08CV10240 (S.D.N.Y February 7, 2011); *Gortat v. Capala Bros., Inc.*, 2011 WL 6945186, * 9-10, 07cv3629 (E.D.N.Y. December 30, 2011); *Gardner v. Western Beef Properties, Inc.*, 2011 WL 6140518, 07CV2345 (RJD)(JMA) (E.D.N.Y September 26, 2011).

Defendants, realizing that their argument that this case does not satisfy CAFA's amount in controversy requirement will fail, now wish to move that the "local controversy" exception to CAFA, 28 U.S.C. § 1332(d)(4), applies. This is despite the fact that they have had all of the information necessary to make this new argument since they were served with the Complaint in early October of 2011, and have not brought this to anyone's attention until now, when discovery is finally underway.

Under CAFA, the local controversy exception does not divest this Court of subject matter jurisdiction, but rather operates as an abstention doctrine. *Graphic Communications Local 1B Health & Welfare Fund v. CVS Caremark*, 636 F.3d 971, 973 (8th Cir. 2011). The party asserting the local controversy exception also has the burden of proof. *Romano v. SLS Residential, Inc.*, 812 F.Supp.2d 282, 288 (S.D.N.Y. 2011). Because this case was not removed from state court but filed in this Court directly, the provisions of 28 U.S.C. § 1447(c) requiring a motion to remand back to state court within 30 days are not directly applicable. However, even if Defendants are able to carry their burden of proof on this issue, their delay in doing so should enter into the Court's consideration of this matter. Accordingly, the Plaintiffs oppose Defendants' latest motion.

Respectfully submitted,

Jason Rozger

---

[1] This amount will vary during the class period because of changes to the shift pay and the minimum wage rate.